UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SCOTT SMITH,

        Plaintiff,

v.

SHANE JACKSON et al.,

        Defendants.
_____/

Case No. 1:17-cv-759

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On November 3, 2017, the Court reviewed Plaintiff's complaint under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), and dismissed Defendants Harry, Kowalski, Lane, Smith, Watson, Boykin, and Cummings for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court permitted the action to proceed against unidentified mailroom officials, but notified Plaintiff that it could not order service of the complaint because it did not have sufficient information about the mailroom officials to effect service on them.

Before the Court is Plaintiff's amended complaint (ECF No. 18), in which he names the mailroom officials, as well as all the individuals who were previously dismissed. At this stage of the proceedings, Plaintiff may amend his complaint once as a matter of course. Accordingly, the Court will review the amended complaint under the PLRA to determine whether it states a claim. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or

wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Jackson, Harry, Kowalski, Smith, Cummings, Lang, Watson, and Boykin. The Court will serve the complaint against Defendants Karel, Payton, Boisvert, Hall, and Gehrke.

## Discussion

I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan, where the events at issue in the complaint occurred. As in his original complaint, he sues the following MDOC employees at LRF: former Warden Shirley Harry; Deputy Wardens Unknown Kowalski and B. Smith; Resident Unit Managers ("RUMs") Unknown Cummings and Unknown Lang;[1] Assistant Resident Unit Supervisor ("ARUS") Unknown Watson; and Prisoner Counselor Unknown Boykin. He also sues the current warden, Shane Jackson, and the following mailroom employees: Amy J. Karel, Sherry A. Payton, Dawn T. Boisvert, Amy J. Hall, and Olivia J. Gehrke.

Plaintiff's allegations in the amended complaint are substantially the same as those in the original. Those allegations are set forth in more detail in the Court's November 3, 2017 opinion. In short, Plaintiff alleges that the mailroom employees rejected some of his mail because it was "too voluminous," and destroyed it before he was given the opportunity for a hearing to contest its rejection. The other defendants are sued because they failed to correct the actions of other officials after Plaintiff filed grievances about them.

---

[1] Plaintiff has apparently corrected the spelling of Resident Unit Manager "Lane" to "Lang."

Plaintiff also contends that Defendant Watson is liable, in part, because he "altered a government document prepared pursuant to an Administrative Hearing after [the] fact, . . . to cover up the malfeasance of mailroom staff[.]" (*Id.*, PageID.114.)

In addition, Defendant Boykin allegedly postponed Plaintiff's administrative hearing.

In his amended complaint, Plaintiff contends that Warden Jackson is liable because he implemented the prison's mail policy, which allegedly gave the other defendants "discretion to resolve the grieved issues herein." (Am. Compl., ECF No. 18-1, PageID.112.)

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

For the reasons discussed in the Court's November 3, 2017 opinion, Plaintiff fails to state a claim against Defendants Harry, Kowalski, Smith, Cummings, Lang,[2] Watson, and Boykin. They are not liable for the actions of other officials, or for failing to take action in response to Plaintiff's grievances. Moreover, Boykin is not liable for postponing the hearing. Furthermore, Plaintiff's assertion that Watson altered a government document is too vague to state a plausible claim.

For similar reasons, Plaintiff does not state a claim against Warden Jackson. Even if he implemented a policy that gave other officials discretion to act, he is not liable for their actions. Consequently, the Court will dismiss Defendants Jackson, Harry, Kowalski, Smith, Cummings, Lang, Watson, and Boykin for failure to state a claim.

---

[2] Lang is identified in that opinion as "Lane."

In addition, for the reasons discussed in the Court's November 3, 2017 opinion, Plaintiff states a plausible due process claim against the mailroom employees. Accordingly, the Court will require Plaintiff to provide sufficient copies of the amended complaint for service on Defendants Karel, Payton, Boisvert, Hall, and Gehrke.

III.     Appointment of Counsel

Plaintiff also asks the Court to appoint him counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Accordingly, Plaintiff's request for appointment of counsel will be denied.

## Conclusion

Having conducted a review of the amended complaint required by the Prison Litigation Reform Act, the Court determines that Defendants Jackson, Harry, Kowalski, Smith, Cummings, Lang, Watson, and Boykin will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). After Plaintiff provides sufficient

5

copies for service, the Court will serve the amended complaint against Defendants Karel, Payton, Boisvert, Hall, and Gehrke.

      An order consistent with this opinion will be entered.

Dated:   September 12, 2018          /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge