UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SMITH #883833,

    Plaintiff,                              Hon. Janet T. Neff

v.                                        Case No. 1:17-cv-759

SHANE JACKSON, et al.,

    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 29). Plaintiff alleges, in part, that the following mailroom employees improperly rejected and then destroyed certain items of incoming mail: (1) Sherry Payton; (2) Dawn Boisvert; (3) Amy Hall; (4) Olivia Gehrke; and (5) Amy Karel. (ECF No. 18). Plaintiff alleges that the actions of these defendants violated his right of access to the courts as well as his right to due process. Plaintiff also asserted various related claims against other individuals, all of which have been dismissed for failure to state a claim. (ECF No. 20). Defendants Payton, Boisvert, Hall, and Karel now move for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential

element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.       Due Process**

Plaintiff alleges that his mother attempted to mail Plaintiff his "legal papers" concerning his 2013 criminal conviction. Plaintiff further alleges that Defendants rejected this mailing and later destroyed Plaintiff's legal papers without first affording him a hearing. Plaintiff asserts that this constitutes a violation of his right to due process.

Plaintiff's claim fails for a very straightforward reason, namely he has presented absolutely no evidence that his "legal papers" were ever mailed to him or that any prison official took any action which prevented Plaintiff from receiving these materials. As noted above, in response to a motion for summary judgment Plaintiff is obligated to present *evidence* sufficient for him to prevail on his claims. Plaintiff, however, has presented no evidence in support of this claim. Plaintiff's

amended complaint is not properly verified and in response to the present motion, Plaintiff has presented no evidence in support his claim. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Plaintiff's due process claim.

## II.      Right of Access to the Courts

The First Amendment protects every inmate's right of access to the courts, however, this protection encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Plaintiff alleges that because he was deprived of his "legal papers," his right of access to the courts was violated. To prevail on this claim, Plaintiff must demonstrate that he suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Casey*, 518 U.S. at 349-51). Plaintiff's claim fails for the same reason as his due process claim fails. Specifically, Plaintiff has failed to present any evidence that Defendants took any action which caused him to suffer a litigation-related injury. Plaintiff's unsworn and conclusory assertions are simply insufficient in response to a motion for summary judgment. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Plaintiff's denial of access to the courts claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 29), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                    Respectfully submitted,

Dated: September 5, 2019                  /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge