UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SMITH #883833,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:17-cv-759

SHANE JACKSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court following Judge Neff's February 19, 2020 Opinion and Order (ECF No. 43) rejecting the Amended Report and Recommendation (R & R) issued on September 5, 2019. (ECF No. 38.) The September 5, 2019 R & R recommended that the Court grant Defendants' Motion for Summary Judgment (ECF No. 29) on the basis that Plaintiff failed to present any evidence that his "legal papers" were ever mailed to him or that any prison official took any action which prevented Plaintiff from receiving these materials. (*Id.* at PageID.198.) Plaintiff filed objections and, in connection therewith, submitted an affidavit from his mother, Loretta Smith, and his own affidavit confirming that Lorretta Smith mailed Plaintiff's legal papers to Plaintiff and that Plaintiff never received them. (ECF No. 39 at PageID.208; ECF No. 40.) Judge Neff exercised her discretion to consider these materials in resolving Plaintiff's objections. (ECF No. 43 at PageID.223.)

    In accordance with Judge Neff's February 19, 2020 Opinion and Order, the undersigned has reviewed the parties' respective submissions in support of, and in opposition to, Defendants'

motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **GRANTED**.

## Background

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued a number of MDOC employees pursuant to 42 U.S.C. § 1983 alleging that he did not receive "legal papers" while he was incarcerated at the Earnest C. Brooks Correctional Facility (LRF) during 2016 and 2017. In particular, Plaintiff alleged that, beginning on July 26, 2016, mail room employees at LRF rejected copies of his complete court record from his 2013 Allegan County criminal case that his mother had mailed to him on multiple occasions on the basis that such documents were "too voluminous." (ECF No. 1-3 at PageID.25.) Plaintiff alleged that the MDOC employees not only "rejected" his documents, but destroyed them without affording him due process. Plaintiff alleged that the rejection was contrary to MDOC Policy Directive 05.03.118. Plaintiff further alleged that, while he was issued Notices of Intent to Conduct a Hearing, a hearing was never held. (*Id.* at PageID.26.) In addition, Plaintiff stated:

> Sixteen months after my sentencing I eventually filed my 2013 criminal case post-conviction motion. Because of the interference of the Employees of the Michigan Department of Corrections, by and through their violation of Departmental policy, via the destruction of my legal papers, I am now am [sic] procedurally time-barred from pursuing any relief in the Federal forum under AEDPA. This action by the State has now implicated my Fifth, Sixth and Fourteenth Amendment rights to access the Courts, unless, of course, this Court, as part of any available relief, issues an Order granting equitable tolling to overcome the AEDPA barrier and file my Federal Writ of Habeas Corpus Petition.

(*Id.* at PageID.29.)

On November 2, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). (ECF No. 5.) The Court concluded that Plaintiff's complaint stated a due process claim based on the alleged destruction of his mail because prison officials in the mailroom destroyed it before affording him a reasonable opportunity to protest the

rejection of his mail.  (*Id.* at PageID.58.)  However, the Court concluded that none of the individuals Plaintiff identified in his complaint could be held liable because Plaintiff alleged no fact showing that they made the decision to deny Plaintiff access to his papers or played any part in destroying them.  (*Id.* at PageID.55–57.)  While the Court concluded that Plaintiff's allegations sufficed to allege a due process claim against the unidentified mailroom employees, it noted that the complaint could not be served because Plaintiff failed to provide sufficient information to identify the unnamed mailroom employees.  Accordingly, the Court afforded Plaintiff 90 days to identify the unnamed mailroom employees.  (*Id.* at PageID.59-60.)

On May 11, 2018, Plaintiff filed an amended complaint (ECF No. 18) naming the previously-unidentified mailroom employees, as well as all of the individuals who were dismissed pursuant to the Court's November 3, 2017 Opinion and Order.  On September 12, 2018, the Court screened the amended complaint and dismissed Plaintiff's claims against all of the previously-dismissed individuals but allowed Plaintiff's claims against mailroom employees Karel, Payton, Boisvert, Hall, and Gehrke to proceed.  (ECF No. 20 at PageID.130.)  As with the first screening opinion, the Court allowed the amended complaint to proceed on a "plausible due process claim against the mail room employees."  (*Id.* at PageID.130.)

## Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Material facts are facts that are defined by substantive law and are necessary to apply the law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if a reasonable jury could return judgment for the non-moving party.  *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## Discussion

Defendants move for summary judgment raising four issues.  First, although the Court did not recognize such a claim in its screening opinions, Defendants argue that Plaintiff fails to establish an actual injury for purposes of his denial of access to the courts claim.  Second, Defendants argue that they are entitled to summary judgment on Plaintiff's due process claim because Plaintiff cannot show that each Defendant was personally involved in rejecting and/or destroying his mail.  Third, Defendants argue that they are entitled to Eleventh Amendment Immunity because they are employees of the State of Michigan who acted in their official capacities.  Finally, Defendants argue that they are entitled to qualified immunity.

**I.      Plaintiff Cannot Establish an Actual Injury for an Access to the Courts Claim.**

As indicated above, the Court did not discern a viable access to the courts claim when it screened Plaintiff's initial and amended complaints.  Nonetheless, because Defendants believe Plaintiff has asserted such a claim, the undersigned will address it.

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995).  First, they must provide affirmative assistance in the preparation of legal papers in cases involving

4

constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

There is no question that a petition for habeas corpus is the type of proceeding that will support a First Amendment access to the courts claim. However, Plaintiff cannot show that Defendants' alleged conduct, namely, the destruction of his "legal papers" in July 2016, played any part in impeding Plaintiff's ability to file a timely habeas petition because the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) applicable to Plaintiff's habeas petition expired more than one year before Plaintiff's materials were destroyed. Plaintiff filed a habeas petition in this Court on June 12, 2018, captioned *Scott Smith v. Shane Jackson*, No. 1:18-cv-565 (W.D. Mich.) (2018 Case), seeking review of his 2013 Allegan County conviction. On June 27, 2018,

5

Magistrate Judge Ray Kent issued a report and recommendation that the petition be dismissed as barred by the one-year statute of limitations. (2018 Case, ECF No. 3.) In particular, Magistrate Judge Kent found that Plaintiff had one year from March 30, 2014 in which to file his habeas application. Because Plaintiff filed his petition on June 8, 2018 (the date Plaintiff mailed his habeas petition), it was untimely. (*Id.* at PageID.66.) Magistrate Judge Kent further noted that Plaintiff failed to argue any basis for equitable tolling in his habeas petition. (*Id.* at PageID.67.) However, referencing the instant lawsuit, Petitioner did so in his objection to the report and recommendation. As Judge Maloney noted in his July 16, 2019 Order adopting the report and recommendation, Plaintiff "claim[ed] that because mail room staff at his correctional facility allegedly destroyed his legal mail, he is entitled to equitable tolling." (2018 Case, ECF No. 6 at PageID.79.) Judge Maloney rejected the argument because it "relie[d] on events that happened well after his deadline for a timely filed application, which expired on March 31, 2015." (*Id.* at PageID.80.)

Accordingly, Defendants' alleged destruction of Plaintiff's legal papers in July 2016 could not have caused any actual injury to Plaintiff's already time-barred habeas petition.

## II.    Plaintiff Fails to Offer Proof of Defendants' Personal Involvement in the Due Process Violation.

It is well established in the Sixth Circuit that to state a cognizable claim under Section 1983, a plaintiff must allege personal involvement by each of the named defendants. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). A plaintiff must present evidence of the defendant's involvement in the alleged constitutional deprivation to defeat a summary judgment motion. *Bennett v. Schroeder*, 99 F. App'x 707, 713 (6th Cir. 2004); *see also Lentz v. Anderson*, 888 F. Supp. 847, 850 (N.D. Ohio 1995) ("Because there is no evidence that Governor Voinovich, Department of Rehabilitation Director Wilkinson, OPI Director Anderson, and OPI Manager

6

Mustard were personally involved in the prison's decision-making process which led to plaintiff's allegations of cruel and unusual punishment, they will be dismissed from any § 1983 liability.").

Defendants' motion is brought as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. On summary judgment, "[t]he moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only '"show[]"—that is, point[] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Emp'rs Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325)); *see also Jefferson v. Barless*, No. 3:12-cv-485, 2014 WL 5846695, at *2 (M.D. Tenn. Nov. 12, 2014) (noting that "because a primary objective under Rule 56 is to isolate and dispose of factually unsupported claims or defenses, the movant need not produce affirmative evidence showing the absence of a triable factual issue") (internal quotation marks omitted). The nonmoving party, however, has an affirmative obligation. That is, "the nonmoving party cannot rest on its pleadings but must come forward with specific evidence from the record to support its claim." *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Here, Defendants did not support their summary judgment motion with evidence, but they were not required to do so. Instead, they were only obligated to point out the absence of evidence to support the nonmoving party's claim. That means that Plaintiff could not simply rest on the allegations in his amended complaint. Rather, he was required to set forth evidence in the record showing that Defendants were personally involved in the deprivation. Plaintiff failed to do so. Instead, Plaintiff relies on his allegations in his amended complaint. Plaintiff included the statement, "[u]nder the penalty of perjury, I declare that the above statements are true to the best of my information, knowledge and belief" (ECF No. 18-1 at PageID.120) at the end of his amended

7

complaint in order to render his amended complaint equivalent to an affidavit pursuant to 28 U.S.C. § 1746. However, because Plaintiff "did not differentiate between facts stated upon personal knowledge and facts stated upon information and belief, the [amended complaint is] not verified under 28 U.S.C. § 1746." *Crump v. Prelesnik*, No. 1:10-cv-353, 2013 WL 1338027, at *6 n.6 (W.D. Mich. Feb. 13, 2013), *report and recommendation adopted* 2013 WL 1337790 (W.D. Mich. Mar. 29, 2013). Moreover, Plaintiff's allegations in his amended complaint about the mailroom Defendants' involvement are conclusions, not factual allegations based on personal knowledge. Finally, none of the documents Plaintiff submitted in connection with his objection (ECF No. 39-1) supports an inference that any remaining Defendant was involved in destroying Plaintiff's mail or making the decision to destroy his mail.

Accordingly, Plaintiff fails to meet his summary judgment burden of citing evidence in the record that creates a genuine issue for the trier of fact as to whether Defendants were personally involved in the alleged deprivation.

## III.    The Eleventh Amendment Bars Plaintiff's Official Capacity Claims.

Defendants are correct that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009). However, the Eleventh Amendment does not bar claims against a state defendant in his personal capacity. *See Hafer v. Melo*, 502 U.S. 21. 30–31 (1991) (stating that "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983") (internal quotation marks omitted).

## IV.    Defendants Are Entitled to Qualified Immunity.

The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* Because Plaintiff has failed to establish that any Defendant committed a constitutional violation, I further recommend that Defendants are entitled to qualified immunity.

**Conclusion**

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion for Summary Judgment (ECF No. 29) and dismiss Plaintiff's amended complaint with prejudice.

I further recommend that an appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: March 6, 2020 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge